UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES R. WILLARD,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA DEPART. OF CORRECTIONS,<br><br>Respondent. | Case No. 2:16 cv-03805-CJC (SHK)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DISMISSING ACTION WITH PREJUDICE** |

Pursuant to Title 28 of the United States Code, section 636, the Court has reviewed the Petition for a Writ of Habeas Corpus, the records on file, and the Report and Recommendation ("R&R") of the United States Magistrate Judge. The Court has engaged in <u>de novo</u> review of those portions of the R&R to which Petitioner has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

In his Objections, Petitioner, through counsel, asserts that his first ground for relief – directed to trial counsel's failure to object to and "argue" the false testimony of victim Hernandez – must be considered exhausted because

Respondent failed to argue that it was not exhausted and because Petitioner's pro se habeas petition to the California Supreme Court must be broadly construed. Petitioner's reliance on Wood v. Milyard, 566 U.S. 463, 471 (2012), for the proposition that this court may consider a nonexhaustion argument that was "'inadverten[tly]' overlooked by the State in the District Court" only in exceptional cases is misplaced. Wood addressed a federal court's resurrection of a statute of limitations issue not raised by the respondent, and not an exhaustion issue. ECF No. 42, Objections at 1; Wood, 566 U.S. at 471-72.

Further, federal courts are expressly prohibited from granting an application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). While Respondent is correct that Petitioner's pro se First Amended Petition must be construed more leniently than a petition filed with the assistance of counsel, Davis v. Silva, 511 F. 3d 1005, 1009 (9th Cir. 2008), Petitioner must still reference specific provisions of the federal Constitution or federal case law, Robinson v. Schriro, 595 F.3d 1086, 1101 (9th Cir. 2010), and the claim will not be considered to have been fairly presented to the state court if that court "must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of the federal claim in order to find material . . . that does." Robinson v. Kramer, 588 F.3d 1212, 1217 (9th Cir. 2009) (parenthetical in original). Here, Petitioner contends that his lengthy handwritten document appended to his California Supreme Court filing, which included the language, "defense Counsel[] McGurk committed several incompetent acts," coupled with the inclusion of (1) a letter from his appellate lawyer (to him) stating that Petitioner believed his attorney had failed to rebut key information presented by the prosecution at trial, and (2) citations to the record and mention of several inconsistent statements in another of

his handwritten exhibits (a motion that had been filed in the trial court) should have alerted the California Supreme Court to the nature of his claim.

The Court observes that Petitioner's purported claim that his counsel failed to adequately challenge the false testimony of the victim at trial is not listed as a separate ground for relief on the habeas petition filed in the California Supreme Court (totaling 62 pages in length), and that although he attempted to spell out several other challenges to his counsel's competency at trial in his pages of handwritten work (claims that were not otherwise listed on the habeas form) (see ECF No. 25-27 at 16-17), trial counsel's failure to challenge this allegedly false testimony was not among them. This Court cannot find that the general allegation that counsel committed incompetent acts, the inclusion of a letter from the appellate lawyer, and the inclusion of a motion filed in the trial court were sufficient to have alerted the California Supreme Court to the nature of Petitioner's claim raised in this Court. This is especially so when Petitioner attempted to set out multiple separate bases for his claim that counsel acted incompetently in the handwritten pages of his state habeas petition, but did not include any reference to this claim. The Court therefore concurs with the Magistrate Judge that this claim was not properly exhausted in the California Supreme Court.

As to the merits of the claim, the Court agrees with the Magistrate Judge that counsel did not perform ineffectively and that Petitioner was not prejudiced. As described in the R&R, the entire incident was recorded on the MTA bus camera and played for the jury. Any argument that Petitioner was acting in self-defense was readily presented to the jury and the state courts. There is no basis for finding that counsel's failure to more fully probe the victim's inconsistent statements or argue them in closing constituted deficient performance, or prejudiced Petitioner in light of the camera footage and the insignificance of those inconsistencies. More specifically, inconsistent testimony regarding how many people were on the bus,

whether there was a lot or a little bit of blood from the stab wound, and how many times Petitioner approached the victim in a harassing manner before the victim kicked him in the stomach (after the victim had already been cut) was properly considered to be irrelevant to the issue of whether Petitioner acted in self-defense, and the victim's failure to identify Petitioner at the preliminary hearing was irrelevant given Petitioner's concession that he did stab the victim. Finally, this Court is prohibited from granting relief on this claim because it is unexhausted.

Next, Petitioner, through counsel, argues that his second ground for relief must be liberally construed to include the argument that counsel was deficient in failing to investigate and argue Petitioner's mental illness in support of the Romero motion. This is so, Petitioner argues, because he asserted in his 140 pages of attachments to the First Amended Petition that "The Trial Court did not address . . . petitioner's mental illness in the motion under Romero [sic];" the transcript of the Romero motion (included with the FAP) reflected that counsel made little argument about his mental illness; trial counsel made only a short mental health argument in one paragraph in the attached Supplemental Motion to Dismiss; and Petitioner appended a mental health evaluation that included facts that trial counsel should have emphasized. Petitioner further asserts that in his filing in the California Supreme Court, he made that same allegation cited above – that "defense Counsel[] McGurk . . . committed several incompetent acts," and "referenced" the fact that the "trial court did not give due consideration to Petitioner's mental health problems." ECF No. 42, Objection at 8-9.

This Court concurs with the Magistrate Judge that the FAP should not be read to include this argument. These generalized statements regarding trial counsel performing incompetently and the trial court not giving due consideration to the mental health issues, coupled with the inclusion of documents (found among 140 pages in attachments), reflecting that counsel made little argument on this

issue, are simply too vague to be read as a claim that counsel was ineffective for failing to adequately investigate and present evidence of Petitioner's mental illness in support of the Romero motion. Further, the mere fact that extensive records of Petitioner's mental health existed and were readily discoverable does not mean that Petitioner, even as a pro se litigant who is entitled to have his claims broadly construed, did an adequate job of alerting this Court or the California Supreme Court to this aspect of his claim. ECF No. 42, Objections at 9

Finally, although Petitioner challenges the Magistrate Judge's finding that robbery qualifies as a strike under California law, and that trial counsel was ineffective in failing to challenge the evidence underlying the 1987 prior convictions, Petitioner provides no evidence or citation to authority to the contrary. Therefore, the Court concurs with the Magistrate Judge's findings on these issues.

IT IS THEREFORE ORDERED that Judgment be entered (1) **DENYING** the Petition for a Writ of Habeas Corpus; and (2) **DISMISSING** this action with prejudice.

Dated: July 26, 2018

HONORABLE CORMAC J. CARNEY
United States District Judge

5